UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>                                    Plaintiff,<br><br>vs.<br><br>OMAR NAVARRO, Correctional Officer;<br>TERRENCE F. SHEEHY, Attorney<br>General; F. LEWIS, Sergeant;<br>C. BAGNOL, Correctional Officer;<br>CDCR; E. ESTRADA, Correctional<br>Officer; N. GARSILASO, Correctional<br>Officer; L. HALL, Correctional Officer;<br>A. SILVA, Correctional Officer;<br>T. TISCORNIA, Correctional Officer,<br><br>                                    Defendants. | Case No.: 24-cv-02161-MMA (MMP)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FOR FAILURE TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff Lance Williams, a former state prisoner proceeding without counsel, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl.") at 3.[1] Plaintiff alleges Defendants breached a settlement agreement reached in *Williams v.*

---

[1] Plaintiff's litigation history while imprisoned "can only be described as prolific." *See Williams v. Allison*, 2022 WL 17630818, at *4 (E.D. Cal. Dec. 13, 2022) (noting Williams's filing of over 40 cases in the Eastern District of California since 2014).

*Navarro, et al.*, S.D. Cal. Case No. 3:18-cv-01318-DMS-RBM. *Id.* at 5–6 & Ex. 1 at 9–12. For the reasons discussed below, the action must be dismissed without prejudice.

## I. FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the $55 administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). An action may proceed despite a plaintiff's failure to pay the entire fee only if he seeks and the court grants him leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid."). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

"Unlike other indigent litigants, prisoners proceeding *in forma pauperis* must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

However, persons who file suit *after* having been released from custody are no longer "prisoners" as defined by the PLRA, and are therefore not subject to 28 U.S.C. § 1915(b), 42 U.S.C. § 1997e(a)'s pre-suit administrative exhaustion requirement, or 28

U.S.C. § 1915(g)'s "three-strikes" provision. *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Law, while a "a 'prisoner' within the meaning of the PLRA when he served time for his conviction, [plaintiff] ceased being a 'prisoner' when he was released from the custody of the Department of Corrections"); *Jackson v. Fong*, 870 F.3d 928, 934–35 (9th Cir. 2017) (former prisoner incarcerated when he filed his civil rights action but released by the time he filed an amended complaint was not subject to the PLRA's exhaustion requirement); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) (noting that § 1915(g)'s three-strikes rule does not apply to a civil action or appeal filed after former prisoner was released on parole).

Plaintiff's Complaint and return address in Tarzana, California, indicate that while he was incarcerated in the past, he was not a prisoner at the time he filed suit. *See* 28 U.S.C. § 1915(h); Doc. No. 1 at 1, 4.[2] He did not pay the filing fee required to commence a civil action when he filed his Complaint, however, nor has he filed a Motion to Proceed IFP, which while it need not include certified copies of his prison trust accounts statements pursuant to 28 U.S.C. § 1915(a)(2), must nevertheless satisfy 28 U.S.C. § 1915(a)(1)'s affidavit requirement.

"The *in forma pauperis* statute authorizes courts to allow '[1] the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who

---

[2] Indeed, if he were still incarcerated, Plaintiff would be barred by 28 U.S.C. § 1915(g) from proceeding IFP in this case. *See Williams v. Dep't of Just., Bureau of Crim. Info & Analysis*, 2018 WL 5630514, at *3 (S.D. Cal. Oct. 31, 2018) ("Plaintiff Lance Williams, identified as CDCR #AG-2394, while he has been incarcerated, . . . has had at least seven prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted."). Because Plaintiff appears to have been released from CDCR custody on parole sometime before he filed his complaint in this case, however, neither the filing fee provisions of 28 U.S.C. § 1915(b) nor § 1915(g)'s "three strikes" bar apply. *See Andrews*, 398 F.3d at 1122 ("[T]he scope of § 1915 is narrowed to plaintiffs who are in custody as the result of a conviction or who [are] detained for an alleged criminal law violation[.]"); *Moore*, 657 F.3d at 892.

1  [2] makes affidavit that he is [3] unable to pay such costs or give security therefor.'"
2  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 214
3  (1993) (quoting 28 U.S.C. § 1915(a)). "Section 1915(a) thus contemplates that the
4  []person[] who is entitled to the benefits of the provision will have three characteristics:
5  He will have the capacity to sue or be sued, to make an affidavit, and to be unable to pay
6  court costs." *Id.* "Such affidavit shall [also] state the nature of the action, . . . and
7  affiant's belief that [he] is entitled to redress." 28 U.S.C. § 1915(a)(1). "When a claim of
8  poverty is made under section 1915 'it is proper and indeed essential for the supporting
9  affidavits to state the facts as to affiant's poverty with some particularity, definiteness and
10 certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting
11 *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)).

12  Therefore, unless Plaintiff either pays the $405 filing fee in full, or submits a
13 properly supported Motion to Proceed IFP that includes a sworn affidavit sufficient to
14 show he is unable to pay as required by 28 U.S.C. § 1915(a)(1), his case cannot proceed.
15 *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. CONCLUSION

17  Accordingly, the Court:
18  (1)  **DISMISSES** this action without prejudice based on Plaintiff's failure to pay
19 the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) and his
20 failure to move to proceed IFP pursuant to 28 U.S.C. § 1915(a).
21  (2)  **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to
22 re-open the case by: (a) paying the $405 civil filing and administrative fee required by 28
23 U.S.C. § 1914(a) in full; *or* (b) completing and submitting a properly supported AO 239
24 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs
25 (Long Form).
26 //
27 //
28 //

1    Should Plaintiff fail to timely comply with this Order, the case will remain closed.[3]

2    **IT IS SO ORDERED**.

Dated: January 10, 2025

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge

---

[3] Plaintiff is cautioned that if he chooses to re-open this matter by submitting a properly supported AO 239 IFP application, his Complaint will be subject to an initial review and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune).