UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>                      Plaintiff,<br><br>v.<br><br>OMAR NAVARRO, Correctional Officer; TERRENCE F. SHEEHY, Attorney General; F. LEWIS, Sergeant; C. BAGNOL, Correctional Officer; CDCR; E. ESTRADA, Correctional Officer; A. SILVA, Correctional Officer; T. TISCORNIA, Correctional Officer,<br><br>                      Defendants. | Case No.: 24-CV-2161 JLS (MMP)<br><br>**ORDER (1) DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND (2) DISMISSING WITHOUT PREJUDICE COMPLAINT**<br><br>(ECF Nos. 1 & 3) |

      On November 18, 2024, Plaintiff Lance Williams, a former state prisoner proceeding without counsel, filed a Complaint pursuant to 42 U.S.C. § 1983.[1]  *See* ECF No. 1 ("Compl.") at 3. Subsequently, on January 10, 2025, Judge Michael M. Anello dismissed Plaintiff's action without prejudice for failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) and his failure to move to proceed *in forma pauperis*

---

[1] Plaintiff's litigation history while imprisoned "can only be described as prolific." *See Williams v. Allison*, No. 2:21-CV-00051-CKD P, 2022 WL 17630818, at *4 (E.D. Cal. Dec. 13, 2022) (noting Williams's filing of over 40 cases in the Eastern District of California since 2014).

1

("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2 at 4. Plaintiff was granted forty-five (45) days to re-open the case either by paying the $405 civil filing and administrative fee in full or by completing and submitting a properly supported Application to Proceed in District Court Without Prepaying Fees and Costs. *Id.* at 4.

On February 6, 2025, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 3). Judge Anello subsequently recused from the case, and the matter was reassigned to the undersigned for all further proceedings. *See* ECF No. 4.

Having carefully considered Plaintiff's Complaint, Plaintiff's IFP Motion, and the applicable law, the Court **DENIES** Plaintiff's IFP Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## *IN FORMA PAUPERIS* APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[2] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal.*

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

*Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

The Court cannot find that Plaintiff has alleged with sufficient certainty that he would be unable to afford the necessities of life should he be required to pay the requisite filing fee. Plaintiff indicates he has no income apart from $1,623.00 he receives in disability payments and public assistance, has $0 in his checking account, and has no cash or assets. IFP Appl. at 1–3. The Court is unable to credit these assertions, however, in light of Plaintiff's allegations he pays $13,400.00 in monthly costs, $10,000 of which are described as unspecified "court fees." *Id.* at 3. Plaintiff does not explain how he is able to make payments in such significant excess of his monthly income, with no assets, cash, or funds in his checking account. "Without further explanation, '[i]t is not apparent how Plaintiff is obtaining the necessities of life, and in turn whether this source of funds—if it exists—can cover the required filing fee in this action.'" *Turner v. City of San Diego*, No. 23-CV-29 TWR (NLS), 2023 WL 163492, at *1 (S.D. Cal. Jan. 10, 2023) (quoting *Herta v. Wiblemo*, No. 22-CV-1679-BAS-BGS, 2022 WL 17573923, at *2 (S.D. Cal. Nov. 7, 2022)).

Accordingly, the Court **DENIES** Plaintiff's IFP Application. Said denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP application that cures the above-noted deficiencies. If Plaintiff wishes to refile his IFP application, he should specify what the $10,000 in "court fees" refers to and explain how he pays the alleged expenses in excess

of his monthly income. *See Tudor v. Biden*, No. C24-1150-JNW, 2024 WL 3652880, at *1 (W.D. Wash. Aug. 5, 2024) (denying IFP where the plaintiff, among other things, failed to describe how they paid expenses in excess of their monthly income); *see also Salat v. Breslow*, No. 2:16-cv-02670-APG-GWF, 2018 WL 1178554, at *1–2 (D. Nev. Feb. 8, 2018) (recommending denial of IFP where plaintiff did not provide an explanation as to how he was "able to regularly spend more in expenses than he receives in income each month"), *report and recommendation adopted*, No. 2:16-cv-02670-APG-GWF, 2018 WL 1175218 (D. Nev. Mar. 6, 2018).

## CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's IFP Application (ECF No. 3) is **DENIED WITHOUT PREJUDICE**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. § 1914(a); and

3. Plaintiff is **GRANTED** an additional thirty (30) days from the date on which this Order is electronically docketed to either (1) pay the entire $405 statutory and administrative filing fee, or (2) file a new IFP application alleging that he is unable to pay the requisite fee. *Should Plaintiff fail to either pay the filing fee or file a new IFP application, the Court will convert this dismissal of Plaintiff's Complaint into dismissal of this civil action without prejudice*.

**IT IS SO ORDERED.**

Dated: March 28, 2025

Hon. Janis L. Sammartino
United States District Judge