UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>OMAR NAVARRO, Correctional Officer; TERRENCE F. SHEEHY, Attorney General; F. LEWIS, Sergeant; C. BAGNOL, Correctional Officer; CDCR; E. ESTRADA, Correctional Officer; A. SILVA, Correctional Officer; T. TISCORNIA, Correctional Officer,<br><br>　　　　　　　　　　Defendants. | Case No.: 24-CV-2161 JLS (MMP)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR RECONSIDERATION OF ORDER DISMISSING ACTION WITHOUT PREJUDICE;**<br><br>**(2) DIRECTING THE ACTION TO BE RE-OPENED; AND**<br><br>**(3) DIRECTING PLAINTIFF'S EXHIBIT TO BE FILED AS A MOTION TO PROCEED *IN FORMA PAUPERIS*** <br><br>(ECF No. 8) |

　　　Presently before the Court is Plaintiff Lance Williams's Motion for Reconsideration of Order Dismissing Action Without Prejudice Due to Court's Error ("Mot.," ECF No. 8). On May 9, 2025, the Court dismissed Plaintiff's action due to his failure to either pay the

filing fee or file a new motion to proceed *in forma pauperis* ("IFP"), after being warned failure to do so would result in dismissal of the action without prejudice. ECF No. 6 ("Order"). Plaintiff argues he submitted an IFP Motion on April 8, 2025, *see* Mot. at 1, and includes as an exhibit the alleged IFP Motion, dated April 8, 2025, *id.* at 3–9.[1] The Court notes that no such motion is reflected on the Docket. *See generally* Docket.

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. CivLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id*.

A motion for reconsideration filed pursuant to a Local Rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) ("[A] post-judgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 451 (1982))). A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of the order challenged, as here; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014).

The Court finds Plaintiff has alleged facts and circumstances which did not exist, or

---

[1] Pin citations to this docket entry refer to the CM/ECF page numbers stamped across the top margin of each page.

were not shown, at the time of the Court's Order, that warrant reconsideration. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 8) is **GRANTED**. The Clerk of Court **SHALL RE-OPEN** the present action and **FILE** Plaintiff's Exhibit in his Motion for Reconsideration as a Motion for Leave to Proceed *In Forma Pauperis* on the Docket.

**IT IS SO ORDERED.**

Dated: June 2, 2025

Hon. Janis L. Sammartino
United States District Judge