UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>OMAR NAVARRO, Correctional Officer; TERRENCE F. SHEEHY, Attorney General; F. LEWIS, Sergeant; C. BAGNOL, Correctional Officer; CDCR; E. ESTRADA, Correctional Officer; A. SILVA, Correctional Officer; T. TISCORNIA, Correctional Officer,<br><br>　　　　　　　　　Defendants. | Case No.: 24-CV-2161 JLS (MMP)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AND**<br><br>**(2) DISMISSING WITHOUT PREJUDICE COMPLAINT**<br><br>(ECF Nos. 1, 10) |

　　　　Presently before the Court is former state prisoner proceeding without counsel, Plaintiff Lance Williams's Complaint pursuant to 42 U.S.C. § 1983.[1] *See* ECF No. 1 ("Compl."). Also before the Court is Plaintiff's renewed Motion for Leave to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 10 ("IFP Mot."). Having carefully considered Plaintiff's Complaint, Plaintiff's IFP Motion, and the

---

[1] Plaintiff's litigation history while imprisoned "can only be described as prolific." *See Williams v. Allison*, No. 2:21-CV-00051-CKD P, 2022 WL 17630818, at *4 (E.D. Cal. Dec. 13, 2022) (noting Williams's filing of over 40 cases in the Eastern District of California since 2014).

applicable law, the Court **GRANTS** Plaintiff's IFP Motion, but **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

## BACKGROUND

On November 18, 2024, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983. *See* Compl. Subsequently, on January 10, 2025, Judge Michael M. Anello dismissed Plaintiff's action without prejudice for failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) and his failure to move to proceed IFP pursuant to 28 U.S.C. § 1915(a). ECF No. 2 at 4.

On February 6, 2025, Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis*. *See* ECF No. 3. Thereafter, the matter was reassigned to the undersigned for all further proceedings. *See* ECF No. 4. This Court subsequently denied Plaintiff's IFP Motion on March 28, 2025, and dismissed his Complaint without prejudice for failure to prepay the filing fee mandated by 28 U.S.C. § 1914(a). *See* ECF No. 5. Plaintiff was granted thirty (30) days, however, to file a new IFP application. *Id.* at 4.

On May 9, 2025, as the Court had not received a new IFP application and Plaintiff had not paid the filing fee, the Court dismissed the action without prejudice and directed the Clerk of Court to close the file. *See* ECF No. 6. However, on May 20, 2025, Plaintiff filed a Motion for Reconsideration of the Court's Order Dismissing the Action Without Prejudice, attaching an IFP application, which he asserted had previously been timely filed. *See* ECF No. 8. Though the Court was unaware of any such IFP application having been previously filed, the Court found the circumstances warranted reconsideration. *See* ECF No. 9. Accordingly, the Court granted Plaintiff's Motion for Reconsideration and directed the Clerk to re-open the present action and to file Plaintiff's Exhibit, attached to his Motion for Reconsideration, as a Motion for Leave to Proceed *in Forma Pauperis* on the Docket. *Id.* at 3.

/ / /

/ / /

/ / /

## *IN FORMA PAUPERIS* APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[2] 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

In its previous Order, the Court found it was unable to credit Plaintiff's statements

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*. *Id.*

1   that he had no cash or assets and no income apart from $1,623.00 he received in disability
2   payments and public assistance, as he simultaneously represented that he paid $13,400.00
3   in monthly costs, $10,000 of which were described as unspecified "court fees." ECF
4   No. 5 at 3.  The Court was troubled that Plaintiff did not explain how he was able to make
5   payments in such significant excess of his monthly income, with no assets, cash, or funds
6   in his checking account.  *Id.*  Accordingly, the Court denied his IFP application but
7   indicated that such denial was without prejudice to refiling an application, curing the above
8   deficiencies.  *Id.*  Specifically, the Court stated that if Plaintiff "wishes to refile his IFP
9   application, he should specify what the $10,000 in 'court fees' refers to and explain how
10  he pays the alleged expenses in excess of his monthly income." *Id.* at 3–4.

    In the instant IFP application, Plaintiff now asserts he only receives $220.00 in
12  public assistance per month and has $0 in cash or a bank account.  IFP Mot. at 1–2.[3]  He
13  indicates that while he used to receive $1,600.00 a month for disability, those payments
14  ended January 2025.  *Id.* at 3.  Plaintiff also clarifies his first IFP Motion, in that he now
15  explains he has an "outstanding $10,000 lawyer bill he can't pay." *Id.*  Plaintiff represents
16  he is now homeless, but confusingly also writes that his monthly expenses total to
17  $3,120.00, including $2,000.00 for rent.  *Id.* at 5–6.  Though Plaintiff's expenses and how
18  he makes such payments remain not entirely clear to the Court, considering Plaintiff states
19  he is "incurring serious debt [and] suffering harm due to this case," *id.* at 6, the Court is
20  satisfied Plaintiff has adequately demonstrated that paying the $405 filing fee would result
21  in his inability to afford the necessities of life.  Accordingly, the Court **GRANTS** Plaintiff's
22  IFP Motion.
23  / / /
24  / / /
25  / / /
26
27  ───────────────
28  [3] Pin citations in this Order refer to the CM/ECF numbers electronically stamped at the top of each page.

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

I.   **Standard of Review**

Because Plaintiff seeks to proceed IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)).  Under this statute, the Court *sua sponte* must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from immune defendants. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to

the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Further, courts have a duty to construe a *pro se* litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II.     Plaintiff's Allegations

In his Complaint, Plaintiff alleges Defendants CDCR;[4] Omar Navarro, Correctional Officer; Terrence F. Sheehy, Attorney General; F. Lewis, Sergeant; C. Bagnol, Correctional Officer; E. Estrada, Correctional Officer; N. Garsilaso, Correctional Officer; L. Hall, Correctional Officer; A. Silva, Correctional Officer; and T. Tiscornia, Correctional Officer violated his due process rights under the Fifth and Fourteenth Amendments, as well as 41 U.S.C. § 6503. Compl. at 3–4.

Specifically, Plaintiff alleges Defendants breached a settlement agreement reached in *Williams v. Navarro, et al.*, No. 3:18-cv-01318-DMS-RBM (S.D. Cal. Feb. 20, 2024) ("*Williams I*"), which he includes as Exhibit 1. *Id.* at 5–6 & Ex. 1. Plaintiff asserts "he did not owe any monetary fees or dues that were tied to this settlement agreement." Compl. at 6. He has purportedly made "repeated attempts to address the issue with the courts and named defendant Attorney General Terrence F. Sheehey who ignored plaintiff for months and refused to address the issue accordingly." *Id.*

Plaintiff also includes an Exhibit 2, which he states shows "CDCR deposit settlement to trust account violation of settlement agreement and then committed crime of robbery and confiscated the settlement funds under false pretenses." *Id.*; Ex. 2.

///

---

[4] Though this acronym is not defined by Plaintiff, the Court assumes Plaintiff is referencing the California Department of Corrections and Rehabilitation.

### III. Analysis

As an initial matter, the Court finds Plaintiff's Complaint to be duplicative of issues he previously raised in *Williams I*. Specifically, Plaintiff filed a Motion to Enforce Settlement Agreement in such case on the grounds that "defense failed to pay settlement by complying with specific provisions" and "tr[ied] to deceive plaintiff giving him the runaround when he attempted on numerous occasions" to "address issues with defense counsel Terrence Sheehy who ignored the plaintiff[.]" *Williams I*, ECF No. 123 at 3. And there, Plaintiff made the same assertion that the funds were "distributed to plaintiff's prison trust account and confiscated . . . all without Plaintiff's knowledge," relying on what appears to be the same exhibit of his Inmate Statement Report. *Id.* at 3, 10.

In screening complaints, the Court is required to dismiss those that are frivolous. *See* 28 U.S.C. § 1915A. The statute does not define "frivolous or malicious," but courts have uniformly agreed that, at a minimum, a malicious lawsuit is one that is duplicative of another federal lawsuit involving the same plaintiff and defendant. *See, e.g., McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997) (affirming dismissal of § 1983 complaint as frivolous where it duplicated a prior federal lawsuit). Courts are not required to entertain duplicative or redundant lawsuits and may dismiss them as frivolous or malicious under § 1915(e). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that courts may dismiss under § 1915 a complaint that merely repeats pending or previously litigated claims); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."), *overruled in part on other grounds by*, *Taylor v. Sturgell*, 553 U.S. 880 (2008).

As far as the Court can ascertain, Plaintiff's Complaint merely repeats the issues he previously litigated against the same Defendants, based on the same facts, except that he

now cites to the federal constitution and a federal statute, without any elaboration as to their relevance, and adds "CDCR" as a Defendant, without any distinction between this Defendant and the others. Accordingly, the Court finds that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B)(i). *Adams*, 487 F.3d at 689 ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)).

And even if the Complaint was not duplicative, it nevertheless fails to state a claim for relief. Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citations and quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). This is because, while factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 550 U.S. 544, 556–57 (2007); *Moss*, 572 F.3d at 969. Therefore, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

While Plaintiff generally alleges Defendants violated his due process rights under the Fifth and Fourteenth Amendments, he does not elaborate any grounds for these claims, nor provide factual content for the Court to draw such an inference. Plaintiff also cites 41 U.S.C. § 6503, however, section 6503 applies only to breaches or violations of representations or stipulations included in contracts made by United States agencies "for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount exceeding $10,000." *Goodwin v. State Farm Gen. Ins. Co.*, No. 1:24-CV-00795-JLT-SAB,

2024 WL 3889915, at *5 (E.D. Cal. Aug. 21, 2024) (citations omitted). Here, Plaintiff fails to allege any facts to support such a claim.

Ultimately, as Plaintiff's Complaint is duplicative and also lacks allegations sufficient to state any actionable claim, it is subject to dismissal.

## CONCLUSION

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Given Plaintiff's pro se status, the dismissal is **WITH LEAVE TO AMEND**. Plaintiff thus has <u>forty-five (45) days'</u> leave from the date of this Order to file an amended complaint curing the pleading deficiencies noted above. Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Any amended complaint must be complete in and of itself without reference to Plaintiff's original Complaint; claims not realleged in the amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend that are not realleged in an amended pleading may be "considered waived"). ***If Plaintiff fails to amend within the time provided, the Court will enter a final order dismissing this civil action.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: August 4, 2025

Hon. Janis L. Sammartino
United States District Judge